E-FILED
Tuesday, 14 September, 2010  09:10:32 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CONNIE LOUISE BORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.  08-cv-1352 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") and for Entry of Final Judgment Order (Doc. 14). Plaintiff's attorney attests that she performed 42.5 hours of work in appealing the decision of the Commissioner to the Court, and an additional 4 hours in preparing the instant motion, and that her fees for this work are $8,359.63. Defendant has filed a Response in which he opposes Plaintiff's Motion for Attorney's Fees (Doc. 15). For the following reasons, Plaintiff's Motion is GRANTED.

### BACKGROUND

On March 4, 2010, the Court granted in part and denied in part Plaintiff's Motion for Summary Judgment, denied Defendant's Motion for Summary Affirmance, and remanded the matter to the Commissioner for further proceedings. (Doc. 12).  The primary issue in that decision was whether the ALJ was required to take into account the reconsideration opinion of a state agency medical consultant

in the course of determining whether Plaintiff's knee impairment met Listing 1.03. The Court first found that Plaintiff did not waive the issue by failing to argue it before the ALJ because the "ALJ had the duty to consider all the evidence, whether or not Plaintiff brought it to his attention." (Doc. 12 at 11).

After deciding that Plaintiff had not lost the right to appeal the ALJ's failure to consider the state agency opinion, the Court found that the plain reading of the form in question indicated that the evaluating doctor agreed that Plaintiff met Listing 1.03. (Doc. 12 at 12). In addition, the Court noted that while the ALJ was not bound by the reconsideration opinion, "he was required to discuss the weight he gave to that determination," and failure to do so was "in clear violation of the regulations." (Doc. 12 at 15). Thus, the Court found that the ALJ had committed an error of law and remanded the matter to the agency to properly evaluate the weight to be given to the relevant medical opinion evidence in Step Three of its disability determination. (Doc. 12 at 16).

## DISCUSSION

The EAJA provides that a district court may award attorney's fees where (1) the claimant was a "prevailing party;" (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *Tchemkou v. Mukasey,* 517 F.3d 506, 509 (7th Cir. 2008); *Krecioch v. United States,* 316 F.3d 684, 687 (7th Cir. 2003). If a claimant qualifies for an award of fees, those fees must be "reasonable." 28 U.S.C. § 2412(b). The Commissioner first disputes

that the second prong is satisfied. (Doc. 15 at 1). He also argues that the fee sought is unreasonable. (Doc. 15 at 2).

A position taken by the Commissioner is substantially justified if "it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Stewart*, 561 F.3d at 683 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified. *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004).

Here, the Commissioner argues that his position was substantially justified because Plaintiff did not argue to the ALJ that she met Listing 1.03 and the reconsideration opinion at issue was not clearly stated. (Doc. 15 at 1). Both of these arguments were clearly rejected by this Court in its original opinion. Further, even if the ALJ did not find that the opinion was clearly stated and thus did not wish to rely upon it, he had the option to do this. His error, and the error upon which this Court reversed, was that the ALJ did not discuss the state agency medical opinions or explain what weight he gave to them in his determination that Plaintiff did not meet Listing 1.03. (Doc. 12 at 15). The Court found that this error was in "clear violation" of the Social Security regulations and may have resulted in harm to Plaintiff. Because the error was a "clear violation" of regulations, there was no reasonable basis in law for it and the Commissioner's pre-litigation conduct was not substantially justified.

The Commissioner also argues that should this Court find that his position was not substantially justified and that an award of attorney's fees is proper, the amount sought is not reasonable and should be reduced accordingly.[1] (Doc. 15 at 2). The Commissioner correctly points out that "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Upon review of the fee application, however, this Court finds that counsel's fee requests are reasonable.

The hours spent by Plaintiff's attorney reviewing the administrative record, performing legal research, and drafting and reviewing Plaintiff's Motion for Summary Judgment and Memorandum in Support equaled 29.5 hours. In light of the fact that the administrative record in this case is over 1,000 pages long and the memorandum submitted provides a thorough analysis of the facts and legal issues, 29.5 hours is a reasonable amount of time for Plaintiff's attorney to have expended thereon. The attorney spent an additional 10.5 hours reviewing and responding to Defendant's Motion for Summary Affirmance. The Court finds that this amount of time is also reasonable. Finally, Plaintiff's attorney claims a half hour spent informing Plaintiff of this Court's ruling, and a total of six hours spent preparing the fee application and instant motion for attorney's fees. These amounts all appear reasonable to the Court.

Plaintiff also requests that the fee award be made payable directly to her attorney based upon a pre-signed fee agreement. (Doc. 14 at 5). However, the

---

[1] While the Commissioner makes this generalized argument, he does not point to any particular hours that he deems excessive or redundant.

recently decided Supreme Court case of *Astrue v. Ratliff*, ___ U.S.___, 130 S.Ct. 2521 (2010), dictates that an award under the EAJA is the property of the Plaintiff, subject to offset by the Treasury Department's Offset Program, and thus cannot be paid directly to her attorney until the government determines whether or not such offset is required.

## CONCLUSION

For the reasons set out above, Plaintiff's Motion for Attorney's Fees (Doc. 14) is GRANTED.  Pursuant to *Astrue v. Ratliff*, ___ U.S.___, 130 S.Ct. 2521 (2010), Defendant is hereby ORDERED to pay to Plaintiff, Connie Louise Borth, directly, the amount of $8,359.63.  The government shall determine, forthwith, whether any part of that amount should be withheld pursuant to 31 U.S.C. §§ 3711 and 3716, which allows for the collection of a federal debt from the amount to be awarded to Plaintiff.  The Clerk shall enter an amended judgment accordingly.

Entered this 13th day of September, 2010.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                    United States Senior District Judge